## STREET IMPROVEMENTS.

[Lucas Circuit Court, February 27, 1896.]

### DICK ET AL. V. CITY OF TOLEDO ET AL.

1. CHANGES IN METHOD OF ASSESSMENT.

A municipal corporation having provided, in a general ordinance for the creation of an improvement, that the cost of the same should be assessed upon the abutting property according to the feet front, cannot, after the construction of the improvement, change the method of assessment, and provide by another ordinance for its assessment upon abutting property, according to the benefits.

ASSESSMENTS UPON PUBLIC PROPERTY.

In the construction of street improvement the property of the city, whether public grounds or street intersections, should bear its share of the expense of the improvement.

KING, J.

This is an action brought to enjoin the collection of an assessment made on certain property for the improvement of, and for damages incurred to property owners on, Oliver street, between certain streets named in the petition.

The principal ground on which the injunction is sought to be maintained is, that the ordinance which was passed by the common council of the city of Toledo providing for the improvement, also provided that damages might be assessed to the property owners for all claims thereby, after the improvement was completed, and that the costs and expenses for making the improvement, as well as the damages that might be thereafter awarded and all incidental costs, should be levied upon the property abutting according to the foot front. And, thereafter the city went on and made the improvement—graded the street, and put in the pavement—and assessed the costs of the improvement upon the property owners according to the foot front, and then proceeded to have a jury impaneled to assess the damages on certain claims filed by abutting owners; and when that proceeding was ended, they proceeded by a subsequent ordinance to assess the amount so found due on account of damages on the abutting property according to benefit.

There are, perhaps, some other questions urged, but that one is a sufficient objection to this assessment, and the assessment as it was made should be enjoined. But in that connection I think that the city should be allowed to reassess the amount of those damages to the extent, that it legally can, upon adjoining property in accordance with the original ordinance and by the frontage. Our view of the property liable to pay, is that the city is bound to pay the cost of the street intersections. As they undertook to assess this amount according to benefits on all the property abutting the entire length of the street, in one gross sum apportioned amongst the abutting property owners, they should take out of that the amount of the street intersections, and then assess the balance according to the foot front.

There is in this street a space that was originally dedicated as a market space. It is claimed by the city that this has never been accepted; but an ordinance of the city was introduced in evidence in which they recognized it, and that, in our judgment, is sufficient to amount to an acceptance, and that this property is properly dedicated and accepted, as a market space. Along the boundaries of that market space the city improved this street on both sides, and at a greater width than they improved it at other points on the street. They should pay one-half of the cost of making this improvement or of these damages along the property abutting on this market space, and the balance should be assessed, according to the terms of the original ordinance.

While it is possible that this court has jurisdiction to determine that matter, we shall decline to do it, unless the parties themselves see fit to agree upon the form of an entry that shall make a proper assessment in accordance with this assessment, and if they do that, we will enter it up accordingly. Otherwise the decree will make this injunction perpetual against the collection of the assessment, but without prejudice to the rights of the city to proceed before the council and re-assess it in accordance with these views.